IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT W. SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE TO ALJ<br><br>Case No. 2:10-cv-940 BCW<br><br>Magistrate Judge Brooke Wells |

   This matter is before the Court on Plaintiff Robert Simmons' appeal of the denial of his application for disability insurance benefits. The Court heard oral argument on the matter July 30, 2012. Plaintiff was represented by John Borsos. Defendant was represented by Amy Oliver. For the reasons stated at the conclusion of the hearing, and as set forth below, the Court remands this case to the Administrative Law Judge for further review.

## BACKGROUND

   On July 7, 2006, Plaintiff, Robert Simmons, applied for disability insurance benefits alleging an onset date of March 1, 2003. His application was denied initially and upon reconsideration. Mr. Simmons then requested a hearing before an Administrative Law Judge (ALJ). Following the hearing the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Social Security Act. This appeal followed.

   Mr. Simmons completed high school and four years at Duke University studying chemical engineering. Mr. Simmons served in the military and was honorably discharged in

1974.[1] Following service in the military, Plaintiff worked as a technician for a chemical company and over the years was promoted so that at one point he managed over 160 employees.[2]

In approximately 1995, Mr. Simmons was terminated and shortly thereafter was hospitalized in the psychiatric ward at the University of Utah.[3] Since 1995, Mr. Simmons has been hospitalized for treatment within the Veterans Affairs (VA) system 34 times. Plaintiff also spent approximately five and a half years in prison after committing three armed robberies. Mr. Simmons was released from prison in 2001.[4]

In March 2005, Mr. Simmons was evaluated for VA benefits and was diagnosed with Major Depressive Disorder and Polysubstance abuse and features of Schizoid personality disorder.[5] These conditions along with hypertension, formed the basis for being deemed disabled by the VA.[6]

The Adminstrative Law Judge (ALJ) found that Mr. Simmons suffered from the following severe impairments: (1) polysubstance abuse; (2) mood disorder and (3) hypertension.[7] The ALJ further found that Mr. Simmons met listings 12.04 and 12.09, but if Mr. Simmons' substance abuse was removed from consideration then he failed to meet any listing. After hearing testimony from Mr. Simmons, a medical expert and a vocational expert, the ALJ determined at step 5 that absent his substance abuse, Mr. Simmons could perform other work in the national economy as an office helper, production assembler and ticket seller. Thus, Mr. Simmons was found to be not disabled under the Social Security Act.

---

[1] Tr. p. 389 ("Tr" refers to the transcript of the record in this case).

[2] *Id.* at 178.

[3] *Id.* at 777.

[4] *Id.* at 46-47.

[5] *Id.* at 860.

[6] *See id.*

[7] *Id.* at 14.

DISCUSSION

Plaintiff asserts the following issues:

(1) Did the ALJ err in rejecting Mr. Simmons' mental impairments of bipolar disorder and PTSD?
(2) Did the ALJ err in improperly rejecting the opinions of Mr. Simmons' treating medical providers? (note some providers are not doctors)
(3) Did the ALJ err in failing to explain why he did not find the VA rating persuasive?
(4) Did the ALJ err in finding that even if Mr. Simmons' substance use stopped, that his impairment did not meet or equal a listing?
(5) Did the ALJ err in concluding that Mr. Simmons' substance abuse was a contributing factor material to the ALJ's determination of disability?
(6) Did the ALJ fail to meet the commission's burden at step five?

After considering these issues and upon consideration of the record, the Court finds issue three to be dispositive and thus finds it unnecessary to address the remaining assertions of error. However, before turning to the question of whether or not the ALJ adequately discussed the VA's disability determination, the Court notes that this is a case involving drug and alcohol abuse so special statutes and regulations govern the outcome of this case.

The Contract with America Advancement Act of 1996[8] added an extra step to the five-step sequential evaluation in social security cases involving drug and alcohol abuse.  The Act amended the Social Security Act to provide that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."[9]

The Commissioner's implementing regulations set forth the analysis to be followed by an ALJ in a case involving drug and alcohol abuse: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug

---

[8] Pub.L. No. 104-121, 110 Stat. 848, 852 (enacted March 29, 1996).

[9] 42 U.S.C. § 423(d)(2)(C); *see also Salazar v. Barnhart*, 468 F.3d 615, 622-23 (10th Cir. 2006).

addiction or alcoholism is a contributing factor material to the determination of disability."[10] Shortly after the law was enacted the Commissioner sent out a teletype stressing the need for careful examination of periods of abstinence in cases involving alleged mental impairments as in the case here. The Court notes these special circumstances because upon remand the ALJ will be required to apply The Contract with America Advancement Act of 1996. The Court now turns to the question before it regarding the VA's disability determination.

Here, the VA found that Mr. Simmons was disabled.[11] In discussing this determination the ALJ stated the following:

> Finally, the ALJ notes that Mr. Simmons is receiving VA benefits. However, the commissioner is not bound by the disability determinations of any source outside of the Social Security Administration. The ALJ has considered this assessment, but relies only on Social Security Administration rules and regulations for definitive findings.[12]

This is the extent of the ALJ's analysis regarding VA benefits.

In *Grogan v. Barnhart*, the Tenth Circuit stated:

> Although another agency's determination of disability is not binding on the Social Security Administration, 20 C.F.R. § 416.904, it is evidence that the ALJ must consider and explain why he did not find it persuasive.[13]

The *Grogan* court held that the ALJ failed to discuss the significance of the "VA's disability evaluation" and reversed the district court's decision to uphold the Commissioner's decision to deny benefits. The *Grogan* court then remanded for further consideration of the record by the

---

[10] 20 C.F.R. § 416.935(a).

[11] Tr. p. 860.

[12] *Id.* at 21-22.

[13] 399 F.3d 1257, 1263 (10th Cir. 2005); *see also Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir.1993) ("Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered.") (quotation omitted); 20 C.F.R. § 416.912(b)(5) (defining the disability determinations of other agencies as evidence to be considered by the Social Security Administration).

ALJ. In similar fashion to *Grogan*, a failure by an ALJ to adequately discuss evidence in the record in other contexts has also served as a basis for remand.[14]

Here the ALJ did note that Mr. Simmons was receiving VA benefits and acknowledged that the Social Security Rules are what govern disability findings in this context. But, the Court finds three sentences about the VA's disability evaluation is not enough to allow for meaningful review[15] and it fails to meet the standard set forth by the Tenth Circuit in *Grogan*.[16]

## CONCLUSION

Based upon the foregoing, the Court holds the ALJ erred in failing to adequately discuss the VA's disability evaluation and therefore the Commissioner's decision was not supported by substantial evidence in the record. The Court remands Mr. Simmons benefits' application for further consideration of the VA's disability determination.

DATED this 3 August 2012.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[14] *See Fleetwood v. Barnhart*, 2007 WL 18922 *3 (10th Cir. 2007) ("Due to the ALJ's inconsistent findings and his failure to conduct analysis with any specificity or clarity allowing for meaningful review, we remand to the district court with directions to remand to the ALJ for further proceedings addressing Ms. Fleetwood's severe impairments."); *Lackey v. Barnhart*, 2005 WL 758797 (10th Cir. 2005) (ALJ's failure to mention physician or his records at all violated the Commissioner of Social Security's own directives with regard to both medical opinions and judgments going beyond purely medical findings to reach issues reserved to the Commissioner, and that violation precluded meaningful review, thus warranting reversal and remand); *Spicer v. Barnhart*, 2003 WL 21000999 *5 (10th Cir. 2003) ("Failure to consider a known impairment in conducting a step-four inquiry is, by itself, grounds for reversal).

[15] *See id.* fn. 10.

[16] *Grogan*, 399 F.3d at 1263.