IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROBERT WAYNE SIMMONS,<br><br>                              Plaintiff,<br><br>v.<br><br>MICHAEL J ASTRUE, in his capacity as<br>Commissioner of the Social Security<br>Administration,<br>                              Defendant. | MEMORANDUM DECISION AND ORDER<br>DENYING MOTION FOR ATTORNEY<br>FEES UNDER THE EQUAL ACCESS TO<br>JUSTICE ACT<br><br>Case No. 2:10-cv-940<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff's motion for attorney fees[1] pursuant to the Equal Access to

Justice Act (EAJA) 28 U.S.C. §2412(d).[2]  Plaintiff initially requests $6,500.[3]  Plaintiff further

requests additional fees for filing a reply to the Government's opposition to Plaintiff's motion.[4]

The EAJA provides for an award of attorneys fees to a prevailing party "unless the court finds

that the position of the United States was substantially justified or that special circumstances

make an award unjust."[5]  The Commissioner argues the position of the Government was

substantially justified and therefore, an award of fees under the EAJA is not appropriate in this

case.  As outlined below the Court agrees with the Commissioner and DENIES Plaintiff's

motion.

---

[1] Docket no. 29.

[2] See 28 U.S.C. § 2412(d).

[3] The requested amount is less than that shown on Plaintiff's counsel's time sheet, but it is the amount sought for in Plaintiff's motion and in the proposed order initially submitted to the Court.

[4] Plaintiff's counsel seeks an additional $500 in fees for a total of $7000.  *See* Reply p. 8, docket no. 31.

[5] *Id.*

BACKGROUND

This case is an appeal from a decision of the Commissioner of Social Security denying Mr. Simmons disability benefits under the Social Security Act.  Following briefing and oral argument, the Court issued a decision remanding this case for further proceedings.[6]  The Court found the ALJ failed to properly consider the Veteran Administration's (VA) disability determination pursuant to *Grogan v. Barnhart*.[7]  In *Grogan* the Tenth Circuit held that the ALJ erred in failing to discuss the significance of the VA's disability evaluation and remanded the matter for further consideration.[8]  In the instant matter, the ALJ did note that Mr. Simmons was receiving VA benefits and acknowledged that the Social Security Rules are the standard for determining disability.  But, the Court concluded that the three sentences about the VA's disability determination was not enough to provide for meaningful review and therefore failed to meet the standards for evaluating VA evidence set forth in *Grogan*.[9]  The Court ruled in favor of Plaintiff and remanded this matter for further consideration of the VA's disability determination by the ALJ.

Mr. Simmons then moved for fees under the EAJA asserting that the Commissioner's actions lacked substantial evidence, so the position of the government was not substantially justified.  In response, the government argues that an EAJA award is inappropriate because the government's position that the evaluation of the VA evidence was sufficient is substantially justified.

---

[6] *See* Memorandum Decision and Order dated August 3, 2012, docket no. 25.

[7] 399 F.3d 1257 (10th Cir. 2005).

[8] *See id*. 399 F.3d at 1263.

[9] *See* Memorandum Decision and Order dated August 3, 2012, p. 5.

STANDARD

The EAJA provides that in civil actions, a party who prevails against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[10]  The only dispute in this motion is whether the Commissioner's position was substantially justified.

Showing substantial justification is the Commissioner's burden.[11]  "The test for substantial justification in this circuit is one of reasonableness in law and fact."[12]  Thus, the government's position must be "justified to a degree that could satisfy a reasonable person"[13] and the government's position during both the underlying agency action and subsequent litigation is considered.[14]  While success or failure on the merits at each level may be evidence of whether the government's position is substantially justified, success or failure *per se* is not determinative.[15]

For purposes of the EAJA, "if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified"[16] but, if the law is more clearly established—dictating a result in favor of a private litigant—the less justified it is for the government to pursue or persist in litigation.[17]  Finally, the Court notes there is a distinction between the substantial evidence standard under the Social Security Act, and the substantial

---

[10] 28 U.S.C. § 2412(d)(1)(A).

[11] *See Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007); *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

[12] *Gilbert*, 45 F.3d at 1394.

[13] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[14] *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

[15] *Id.*

[16] *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).

[17] *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C.Cir. 1983).

justification requirement under the EAJA.[18]  As articulated by the Tenth Circuit and other

circuits which have directly addressed this issue, "equating a lack of substantial evidence with a

lack of substantial justification would result in an automatic award of attorney's fees in all social

security cases in which the government was unsuccessful on the merits."[19]  Moreover, to hold

these two standards synonymous appears improper under the history behind the statute,[20] and at

odds with the Supreme Court's decision in *Pierce v. Underwood*.[21]

## ANALYSIS

Mr. Simmons argues that the Commissioner's position was not substantially justified

because "the Commissioner's actions lacked substantial evidence."[22]  While it is true that the

ALJ failed to apply the correct legal standard under *Grogan*, and "EAJA fees generally should be

awarded where the government's underlying action was unreasonable even if the government

advanced a reasonable litigation position,"[23] the Court is persuaded that the government's

position here was substantially justified.  In *Grogan* it appears that the ALJ did not discuss the

VA's evaluation at all.[24]  In contrast, in the instant matter the ALJ did discuss the VA's

evaluation but not to the point in the Court's view that permitted meaningful review.  Thus the

Court finds there was a reasonable basis in both law and fact for the government to argue that the

*Grogan* standard was met.  Further, there is nothing before the Court indicating that the

---

[18] *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

[19] *Id.*

[20] *See Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir. 1987) (examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").

[21] 487 U.S. 552.

[22] Mtn. p. 2.

[23] *Hackett*, 475 F.3d at 1174 (quotation omitted).

[24] *See Grogan*, 399 F.3d at 1263 (noting the ALJ failed to discuss the VA's evaluation and on appeal the district court attempted to justify the ALJ's omission).

government's position in the underlying action was unreasonable.  And finally, while courts have remanded matters where an ALJ failed to provide enough analysis for a meaningful appellate review,[25] there are no cases articulating the standard for meaningful review pursuant to *Grogan*. Thus, the governing law is unclear and a reasonable person could conclude that the ALJ's evaluation of the VA's disability determination was sufficient in this case.  Therefore, the Commissioner's position was substantially justified.

ORDER

For the foregoing reasons the Court DENIES Plaintiff's motion for attorney fees under the EAJA.[26]

DATED this 6 December 2012.

Brooke C. Wells
United States Magistrate Judge

---

[25] *See Fleetwood v. Barnhart*, 2007 WL 18922 *3 (10th Cir. 2007) ("Due to the ALJ's inconsistent findings and his failure to conduct analysis with any specificity or clarity allowing for meaningful review, we remand to the district court with directions to remand to the ALJ for further proceedings addressing Ms. Fleetwood's severe impairments."); *Lackey v. Barnhart*, 2005 WL 758797 (10th Cir. 2005) (ALJ's failure to mention physician or his records at all violated the Commissioner of Social Security's own directives with regard to both medical opinions and judgments going beyond purely medical findings to reach issues reserved to the Commissioner, and that violation precluded meaningful review, thus warranting reversal and remand); *Spicer v. Barnhart*, 2003 WL 21000999 *5 (10th Cir. 2003) ("Failure to consider a known impairment in conducting a step-four inquiry is, by itself, grounds for reversal).

[26] Docket no. 29.